# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER RAPHAEL MUKENDI, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:13-CV-1436-RWS |
| | : |
| WELLS FARGO N.A.; BARRETT DAFFIN FRAPPIER LEVINE & BLOCK, LLP; COUNTRYWIDE HOME LOANS, INC.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | : |
| | : |
| Defendants. | : |

## **ORDER**

This case is before the Court on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [2]. After reviewing the record, the Court enters the following Order.

## **Background**[1]

This matter involves real property located at 80 Mountain Court, Covington, Georgia 30016 ("Property"). To purchase the Property, Plaintiff

---

[1] Unless otherwise noted, the facts are taken from Plaintiff's Complaint [1-1]. At this stage, the Court accepts as true all well-pleaded facts in the Complaint.

took out a loan and executed a promissory note ("Note") in favor of Countrywide Home Loans ("Countrywide"). Plaintiff executed a Security Deed to secure the loan, which named Countrywide as the Lender and Mortgage Electronic Registration Systems, Inc. ("MERS'), acting solely as nominee for Lender and Lender's successors and assigns, as the Grantee.[2] The Security Deed granted MERS the power of sale if Plaintiff did not meet his obligations under the Note. It appears that the Security Deed was assigned by MERS to Wells Fargo. (See Complaint, Dkt. [1-1] ¶ 25.)

Wells Fargo initiated foreclosure proceedings and conducted a nonjudicial foreclosure sale of the Property. In the motion currently before the Court, Plaintiff seeks a temporary restraining order ("TRO") and/or Preliminary Injunction to prevent his eviction from the Property.

## Discussion

**I.    Legal Standard - Preliminary Injunctive Relief**

To receive preliminary injunctive relief, the moving party must establish

---

[2] Plaintiff states in his motion for a TRO that the Security Deed was executed "in favor of Wells Fargo Bank NA"and that "to the best of Plaintiff's knowledge and belief, the loan had continually been with Wells Fargo NA." (Motion for TRO, Dkt. [2] ¶¶ 4-5.)

2

that: (1) he has substantial likelihood of success on the merits, (2) will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief would not be adverse to the public interest.  <u>KH Outdoor, LLC v. City of Trussville</u>, 458 F.3d 1261, 1268 (11th Cir. 2006).  "Of these four requisites, the first factor, establishing a substantial likelihood of success on the merits, is most important . . . ."  <u>ABC Charters, Inc. V. Bronson</u>, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008).  Because Plaintiff is appearing *pro se*, his complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  However, this lenience does not excuse Plaintiff from satisfying the stringent requirements for preliminary injunctive relief.

**II.   Analysis**

Plaintiff's Complaint contains the following counts: (1) Set Aside Foreclosure Sale, (2) Wrongful Foreclosure Attempt, (3) Breach of Covenant or Agreement, (4) Negligent Servicing, and (5) Fraud: Misrepresentation Pursuant to O.C.G.A. § 23-2-52.  Having reviewed the Complaint, the Court finds that Plaintiff has failed to allege sufficient facts to demonstrate a substantial

3

likelihood of success on the merits of any of his claims and, moreover, has asserted legal theories that are without merit. Accordingly, Plaintiff in not entitled to a TRO or preliminary injunction.

## Conclusion

Based on the foregoing, Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [2] is **DENIED.**

**SO ORDERED**, this  8th  day of May, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)