## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RAPHAEL MUKENDI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-1436-RWS |
| WELLS FARGO N.A.; WELLS FARGO N.A., SUCCESSOR BY MERGER TO WACHOVIA BANK NATIONAL ASSOCIATION; WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK N.A.; BARRETT DAFFIN FRAPPIER LEVINE & BLOCK, LLP; COUNTRYWIDE HOME LOANS, INC.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | : : : : : : : : : : : : : : | |
| Defendants. | : | |

## <u>ORDER</u>

This case is before the Court on: (1) Defendant Countrywide Home Loans

Inc.'s and Defendant Mortgage Electronic Registration Systems, Inc.'s (hereinafter

"MERS") Motion to Dismiss [4], (2) Defendants Wells Fargo Bank N.A., Wells

Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. and Wells Fargo

Bank, N.A. successor by merger to Wachovia Bank National Association's

(collectively "Wells Fargo") Motion to Dismiss [6], and (3) Plaintiff's Motion for

Declaratory Relief [3].[1]  After reviewing the record, the Court enters the following

Order.

## Background

In August 2004, Plaintiff Mukendi purchased real property located at 80

Mountain Court, Covington, Georgia 30016 (the "Property"). (Compl. ¶¶ 18, 40).

To finance the purchase, Plaintiff obtained a loan from Countrywide Home Loans

("Countrywide") and executed a security deed to secure the loan.  The security

deed named Countrywide as the Lender, with MERS to act solely as nominee for

---

[1] With his Motion for Declaratory Relief to Set Aside Foreclosure for
Injunctive Relief and Petition for Quiet Title, it appears Plaintiff seeks to amend his
pleadings by adding a claim for quiet title.  This Court may deny such amendments
when the proposed amendment would not survive a motion to dismiss.  Burger King
Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (stating "denial of leave to
amend is justified by futility when the complaint as amended is still subject to
dismissal").  Here, Plaintiff's petition for quiet title fails as a matter of law because he
has not satisfied procedural prerequisites to pleading a quiet title action under Georgia
law.  See Montoya v. Branch Banking & Trust Co., 2012 U.S. Dist. LEXIS 31786
(N.D. Ga. Mar. 9, 2012) (dismissing claim for quiet title for failure to attach a plat of
survey of the land).  The Georgia Quiet Title Act requires Plaintiff to file: (1) a plat of
survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon
which the petitioner's interest is based, and (3) a copy of the immediate instrument or
instruments of record or otherwise known to the petitioner, if any, upon which any
person might base an interest in the land adverse to the petitioner. O.C.G.A. § 23-3-62
(c) (2013).  Because Plaintiff has not filed a plat of survey, his claim for quiet title
fails as a matter of law, and Plaintiff's Motion [3] is **Denied**.

Lender and Lender's successors and assigns ("Countrywide Security Deed").  (Id.
¶15).  On or about February 23, 2007, Plaintiff refinanced his Countrywide
mortgage with a $108,715.50 loan from Wachovia Bank National Association (the
"Wachovia Loan"), and he executed a new security deed evidencing this debt to
Wachovia ("Wachovia Security Deed"). [4-3].  The Wachovia Loan paid off the
prior Countrywide Loan, and so the Countrywide Security Deed was canceled.
Both the Wachovia Security Deed and cancellation of the Countrywide Security
Deed were recorded in the Newton County property records. [4-2, 4-3].

Plaintiff defaulted on his loan payments required under the Wachovia Loan,
and in accordance with the Wachovia Security Deed, Wells Fargo, as successor by
merger to Wachovia, initiated non-judicial foreclosure proceedings. [6-1 at 4].
Plaintiff filed this action in Newton County Superior Court, challenging
Defendants' right to foreclose on the Property and alleging the following causes of
action: (1) "set aside foreclosure sale" (Count I) (Compl. ¶¶ 21-27); (2) wrongful
foreclosure attempt (Count II) (id. ¶¶ 28-38); (3) "breach of covenant or
agreement" (Count III) (id. ¶¶ 39-46); (4) "negligent servicing" (Count IV) (id.
¶¶ 47-53); and (5) fraud (Count V) (id. ¶¶ 54-73).  Asserting diversity jurisdiction,
Defendants removed the action to this Court on April 29, 2013.

Plaintiff previously filed a Motion for Temporary Restraining Order and/or Preliminary Injunction [2].  This Court denied Plaintiff's Motion, finding that Plaintiff "failed to allege sufficient facts to demonstrate a substantial likelihood of success on the merits of any of his claims and, moreover, has asserted legal theories that are without merit." [5].  Defendants Countrywide and MERS filed their Motion to Dismiss on May 6, 2013, and the Wells Fargo Defendants filed their collective Motion to Dismiss on November 14, 2013.  Plaintiff has never filed a response to either Motion to Dismiss, which indicates under this Court's local rules that there is no opposition to the instant Motions to Dismiss.  See L.R. 7.1. (B).

## Discussion

## I.     Motions to Dismiss

### A.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (stating "[n]or

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'").   In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  FindWhat Investor Group v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)). However, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."  D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d).

However, the Court may consider exhibits attached to the complaint,[2] documents that the complaint incorporates by reference (provided they are undisputed and central to the pleaded claims),[3] and materials of which the court may take judicial notice,[4] without converting a motion to dismiss into a motion for summary judgment.

Finally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 Fed. App'x 635, 637 (11th Cir. 2010).

B.    Analysis

Plaintiff has never responded to Defendants' Motions to Dismiss, which renders these Motions as unopposed under the local rules.  See L.R. 7.1(B).

---

[2] Fed. R. Civ. P. 10(c).

[3] D.L. Day, 400 F.3d at 1276 (" 'Undisputed' means that the authenticity of the document is not challenged").

[4] The Court may take judicial notice of public records without converting the instant motions into motions for summary judgment.  Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006).

However, in light of Plaintiff's *pro se* status, the Court will consider the merits of the respective arguments.

The Court agrees with Defendants' arguments that Plaintiff's Complaint violates Federal Rule of Civil Procedure 8(a). The Complaint is comprised primarily of legal conclusions and contains few factual assertions. Some factual allegations do not seem to relate to Plaintiff's or Defendants' actions in this case, and to the extent that Plaintiff does allege facts relating to his circumstances, many of them are refuted by the public records. Indeed, Plaintiff's arguments appear to rest on the mistaken allegation that Wells Fargo was an assignee of MERS under the Countrywide Security Deed. Contrary to Plaintiff's argument, Wells Fargo's authority to foreclose on Plaintiff's Property arises from its rights as a secured creditor under the Wachovia Security Deed. As Defendants argue, Plaintiff's remaining allegations do not rise above "a formulaic recitation of the elements of a cause of action" that Rule 8(a) requires. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Even with leniency accorded to *pro se* plaintiffs, Plaintiff's Complaint violates Rule 8(a).

Defendants further contend that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The

Court agrees for the following reasons.

> 1.    Set Aside Foreclosure Sale (Count I)

In Count I, Plaintiff asks the Court to "set aside [the] foreclosure sale." (Compl., (Dkt. [1-1]) ¶ 21.)  It appears that Plaintiff is challenging Wells Fargo's right to foreclose on the Property under the Countrywide Security Deed.  (Id. ¶¶ 22-26.)  Defendants move to dismiss this claim on the grounds that neither Countrywide, nor any of its assigns, conducted a foreclosure sale of the Property and that Wells Fargo has the authority to institute foreclosure proceedings under the Wachovia Security Deed.  [4 at 9; 6 at 9-10].

The Court agrees with Defendants that Plaintiff has failed to state a claim under this Count.  First, Plaintiff does not allege that any foreclosure sale, or attempted foreclosure sale, was conducted by Countrywide or MERS prior to the cancellation of the Countrywide Security Deed, so no claim for relief exists to set aside a non-existent foreclosure sale.  Second, under the Wachovia Security Deed, Plaintiff granted Wachovia and its successors, including Wells Fargo,[5] the

---

[5] As a result of the merger, Wells Fargo acquired "all the property, rights, powers, trusts, duties, and obligations" of Wachovia, including Plaintiff's Wachovia Security Deed, with the power of sale. See O.C.G.A. § 7–1–536(c) (in a merger, "each party ... shall cease to exist as a separate entity but shall continue in, and the parties to the [merger] shall be, a single corporation"); see also White v. Bank of Am., N.A., 1:12-CV-3834-WSD, 2013 WL 1963786 (N.D. Ga. May 10, 2013) reconsideration denied, 1:12-CV-3834-WSD, 2013 WL 6796460 (N.D. Ga. Dec. 23, 2013) (finding successor-by-merger bank was entitled to exercise the power of sale in the Security

authority to foreclose on his property.  Specifically, the Wachovia Security Deed states: "[Plaintiff] does hereby grant and convey [the property] to Lender and Lender's successors and assigns...in trust, with power of sale." [4-3 at 2.]  Plaintiff agreed that if he defaulted on his loan agreement, Wachovia and its successors, could "invoke the power of sale and any other remedies permitted by Applicable Law." Id. at 9.  As successor-by-merger, Wells Fargo is thus entitled to exercise the power of sale in the Wachovia Security Deed.  See You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013)(finding that the "[h]older of a deed to secure debt is authorized to exercise the power of sale in accordance with terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed").

Accordingly, the Court finds that Wells Fargo has the authority, upon Plaintiff's default, to foreclose on the Property, and Plaintiff's request to "set aside foreclosure sale" (Count I) is **DISMISSED**.

2.    Wrongful Foreclosure Attempt (Count II)

In Count II, Plaintiff asserts a claim for wrongful foreclosure attempt.  To state a claim for attempted wrongful foreclosure under Georgia law, a plaintiff must establish "a knowing and intentional publication of untrue and derogatory

---

Deed).

information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Aetna Finance Co. v. Culpepper, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984). In the Complaint, Plaintiff alleges that "Defendants falsely advertised the sale of [the Property]" and that "Defendants failed to advertise the sale of the property for four consecutive weeks pursuant to O.C.G.A. § 44-14-162." (Compl., ¶¶ 36-37.) These statements do not show that Defendants knowingly or intentionally published any untrue or derogatory information concerning Plaintiff's financial condition. They also do not demonstrate that Plaintiff suffered damages. Therefore, Plaintiff has failed to state a plausible claim for attempted wrongful foreclosure.

To the extent Plaintiff attempts to assert a claim for wrongful foreclosure, the Court finds that this claim also fails. To state a claim for wrongful foreclosure, a plaintiff must "establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Racette v. Bank of Am., N.A., 733 S.E.2d 457, 462 (Ga. Ct. App. 2012). "Failure to make the proper loan payments or tender the amount due defeats any wrongful foreclosure or attempted wrongful foreclosure claims." White v. Bank of Am., N.A., 1:12-CV-3834-WSD, 2013 WL 1963786 (N.D. Ga.

May 10, 2013) <u>reconsideration denied,</u> 1:12-CV-3834-WSD, 2013 WL 6796460

(N.D. Ga. Dec. 23, 2013).

      Plaintiff does not allege, and it does not appear, that Plaintiff is current on

his loan payments under the Wachovia Security Deed.  This omission subjects a

wrongful foreclosure claim to dismissal.  Because Plaintiff has failed to state a

claim for wrongful foreclosure attempt or wrongful foreclosure, Count II is

**DISMISSED**.

        3.    <u>Breach of Covenant or Agreement (Count III)</u>

      In Count III,  Plaintiff alleges Wells Fargo "failed to honor the terms of the

Security Deed."  (Compl., Dkt. [1-1] ¶ 41.)  Specifically, he alleges that Wells

Fargo breached "paragraph 22[6] of the non-uniform covenant," and as a result,

Plaintiff is "being dispossessed from his [P]roperty."  (<u>Id.</u> ¶¶ 43, 45.)  Defendants

move to dismiss this claim on the grounds that Plaintiff has not even established

the existence of a contract, let alone alleged any facts to support his breach of

contract claim.

      Under Georgia law, plaintiff "has the burden of pleading and proving the

existence of a valid contract by showing that there are 'parties able to contract, a

---

       [6] Paragraph 22 of the Wachovia Security Deed requires Lender to cancel the Security Deed upon satisfaction of the loan – which facts are not before this Court.

consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate.'" <u>Eastview Healthcare, LLC v. Synertx, Inc.</u>, 674 S.E.2d 641, 646 (Ga. Ct. App. 2009). Once the existence of a contract is established, a plaintiff may only recover damages for breach of contract by demonstrating: (1) plaintiff's performance of the contract, (2) defendant's breach of the contract, and (3) the breach caused the plaintiff harm. <u>Jones v. Central Builders Supply Co.</u>, 121 S.E.2d 633, 638 (Ga. 1961) (citations omitted).

Here, Plaintiff has not met his initial burden of pleading the existence of a valid contract as he has not identified which contract is at issue and uses the August 17, 2004 Countrywide Security Deed interchangeably with the February 23, 2007 Wachovia Security Deed. Furthermore, Plaintiff also has not pled facts in support of his performance under the contract, Defendants' breach and his harm. the elements of a breach of contract claim. Consequently, Plaintiff has failed to state a breach of contract claim for relief. Accordingly, Plaintiff's claim for "breach of covenant or agreement" (Count III) is **DISMISSED**.

### 4.   Negligent Servicing (Count IV)

In his claim for negligent servicing, Plaintiff alleges that Wells Fargo "owed a duty to Plaintiff to avoid unreasonable risks of harm arising out of ordinary care

to comply with standatd [sic], professional, and responsible practices relating to mortgage lending and servicing."  (<u>Compl</u>.,¶ 48.)  Plaintiff also contends that Wells Fargo negligently serviced the loan, but fails to include facts regarding the alleged negligent conduct.  (<u>Id.</u> ¶ 49.)  Defendants move to dismiss this claim on the grounds that they did not owe Plaintiff a duty outside of the Security Deed, so any tort claim must be dismissed.  [4 at 15-17].

The Court agrees with Defendants that Plaintiff has not stated a claim for relief.  Plaintiff has not alleged any duty owed him by Defendants outside of the Security Deed.  Moreover, the Court of Appeals of Georgia has held that a borrower and its secured lender have no relationship beyond that imposed by contract.  <u>Commercial Bank & Trust Co. v. Buford</u>, 243 S.E.2d 637, 638-39 (Ga. Ct. App. 1978) ("[T]he only relationship between [borrower] and the bank was that which arose out of the note and security deed.").  Therefore, any claim Plaintiff may have arising out of the servicing of his loans must be asserted as a breach of contract claim and not as a tort of "negligent servicing."  <u>See Fielbon Dev. Co., LLC v. Colony Bank of Houston Cty.</u>, 660 S.E.2d 801, 808 (Ga. Ct. App. 2008) (internal citations omitted) (under Georgia law, "[a]bsent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of [a] contractual duty").  Therefore, Plaintiff's claim for negligent servicing fails and is **DISMISSED**.

-13-

### 5.    Fraud (Count V)

Plaintiff alleges that Defendants are liable for fraud because Plaintiff relied to his detriment on Defendants' representations to Plaintiff that they would not foreclose on his Property while he was being considered for a loan modification. Defendants argue that Plaintiff's fraud claim should be dismissed for failure to plead the elements of fraud with particularity, as required by Federal Rule of Civil Procedure 9(b). [4 at 17-19; 6 at 12-14].

To state a claim for fraud under Georgia law, plaintiff must plead: "(1) a false representation or omission of material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages."  Lehman v. Keller, 677 S.E.2d 415, 417 (Ga. Ct. App. 2009) (quoting Meyer v. Waite, 606 S.E.2d 16, 20 (Ga. Ct. App. 2004)). Allegations of fraud must also meet the heightened pleading standards of Federal Rule of Civil Procedure  9(b), which requires a plaintiff to allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

<u>Centennial Bank v. Noah Group, LLC</u>, 445 Fed. Appx. 277 (11th Cir. 2011) (citing

<u>Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001)).   Plaintiff's

Complaint alleges that "Defendants knew that the Plaintiff relied Dfendants' [sic]

misrepresentation that no foreclosre [sic] sale would be conducted on Defendant's

Property" while he was being considered for a loan modification.  This language

appears verbatim in other alleged wrongful foreclosure complaints filed in Newton

County, and  Plaintiff does not provide any particularized facts detailing the "who,

what, when, where and why" required by Fed. R. Civ. P. 9 to support his fraud

claim against Countrywide, MERS or Wells Fargo.  Plaintiff, therefore, has failed

to state a claim for fraud, and it must be **DISMISSED**.

<b>Conclusion</b>

In accordance with the foregoing, Defendants' Motions to Dismiss [4 and 6]

are **GRANTED**.   Plaintiff's Motion for Declaratory Relief [3] is **DENIED.**

Accordingly, this case is **DISMISSED**.

**SO ORDERED**, this   3rd   day of February, 2014.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE